IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYE ROBERTS,<br>     Plaintiff(s),<br>vs.<br>SAN FRANCISCO COUNTY, et al.,<br>     Defendant(s). | No. C 11-5390 CRB (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a prisoner at the San Francisco County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that he was unfairly ordered to his "room without privileges for two days." He wants the responsible deputy/nurse reprimanded and transferred to another floor.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
2  elements: (1) that a right secured by the Constitution or laws of the United States
3  was violated, and (2) that the alleged violation was committed by a person acting
4  under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

5  B.   Legal Claims

6  Although the Constitution protects pretrial detainees against punishment
7  unrelated to maintaining jail security and order, and convicted prisoners against
8  cruel and unusual punishment, this does not mean that federal courts can or
9  should interfere whenever pretrial detainees or convicted prisoners are
10 inconvenienced or suffer de minimis injuries. See, e.g., Anderson v. County of
11 Kern, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary placement in safety cell that
12 was dirty and smelled bad did not state claim under § 1983), amended, 75 F.3d
13 448 (9th Cir. 1995). Plaintiff's alleged suspension of "privileges" for two days
14 does not amount to more than a temporary inconvenience or de minimis injury.
15 This court will heed the Ninth Circuit's admonition that federal courts should
16 avoid enmeshing themselves in the minutiae of prison operations and dismiss
17 plaintiff's action for failure to state a claim of constitutional magnitude. See
18 Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981).

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:   Dec. 2, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Roberts, T.11-5390.dismissal.wpd